Court: I do not want to hear anything. I will set this verdict aside on the spot. These twelve men who sit in the box, in my opinion not one of them is fit to sit on the jury, and they are discharged for the term. Plaintiff's Counsel: I take an exception to the setting aside of the verdict. Defendant's Counsel: Shall I enter an order upon that? The Court: Yes."

Counsel for defendant very likely intended to move for a new trial. The record, however, does not show that he did, but discloses the fact that the verdict was set aside upon the court's motion. In the opinion filed the ground upon which the order was made is stated as follows:

"I think it is technically against the weight of evidence, but I prefer to put the order for new trial upon my instinct that it is corrupt as well as false, and that the interests of pure justice will be served by submitting the case to another jury."

A careful examination of the record does not disclose any evidence that the verdict was the result of corruption. We do not understand that the verdict was set aside on the ground that it was against the weight of evidence, as argued by the learned counsel for the respondent. That would have been an improper disposition of the case. The facts were sharply contested upon the trial, and reasonable men might differ as to the result that ought to have been reached by the jury. The justice presiding was undoubtedly of the opinion that the plaintiff had failed to establish his cause of action. The jury decided otherwise. Where the evidence in a case is so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, and it is fairly submitted to a jury, the court ought not, in the exercise of its discretion, to set aside the verdict reached as against the weight of the evidence. "The court should be satisfied, before nullifying a verdict of a jury, that the preponderance is so great that the ends of justice would not be met by allowing it to stand." Cox v. Halloran, 82 App. Div. 639, 640, 81 N. Y. Supp. 803.

We think the discretion of the learned trial justice was improperly exercised, and that the order setting aside the verdict ought to be reversed, and judgment directed upon the verdict, with interest from January 10, 1899, to June 9, 1904, with costs, without prejudice to the defendant, however, to move within 30 days at Special Term to set the verdict aside upon such grounds as he may be advised. All concur.

---

## McCARTHY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 2, 1905.)

APPEAL—REVERSAL ON FACTS—MANUFACTURED TESTIMONY.

Where, on a retrial after reversal, plaintiff and her son, who were the only witnesses, supplied testimony for a want of which on the first trial the Appellate Court had reversed the judgment, and had so indicated in its opinion, and flatly contradicted statements made by them with the utmost positiveness on the first trial, when such statements were shown upon the retrial to be contrary to physical facts, and gave no satisfactory explanation of their omission to give the necessary proof on the first trial, nor of the contradictions between the testimony as given on the two trials,

so that it was apparent that the testimony was given with the desire to fit the facts to the case without regard to truth or consistency, a judgment for plaintiff will be reversed, and the cause remanded for a new trial.

Appeal from City Court of New York, Trial Term.

Action by Margaret McCarthy against the Interurban Street Railway Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

See 88 N. Y. Supp. 388.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Hieronimus A. Herold, for respondent.

GREENBAUM, J. This appeal is from a judgment entered upon a second trial of the action. A judgment in favor of plaintiff was reversed by this court (88 N. Y. Supp. 388) for the reason, as stated in the opinion of Mr. Justice Scott, writing for the court, that there was "not a particle of evidence that the plaintiff gave any signal to the conductor, or that he knew, or had reason to know, that plaintiff intended to alight. * * * The plaintiff thus wholly failed to show notice to the conductor, either in the particular manner alleged in the complaint or in any other manner." On the new trial the plaintiff and her son, who were the only witnesses produced by her as to the accident, testified that the conductor was apprised at or near Twenty-Seventh street of her desire to alight at Twenty-Third street; that she was about to get off at Twenty-Fourth street, when the conductor said, "This is not Twenty-Third street; this is Twenty-Fourth street." Both witnesses also testified that the car came to a full stop at the northwest corner of Second avenue and Twenty-Third street, whereas they had both testified with the utmost positiveness at the previous trial that the car stopped at the southwest corner. The significance of a change in the latter testimony may be found in the fact that both witnesses had placed the scene of the accident near the pillars of the elevated structure which turns east going through Twenty-Third street, whereas it was demonstrable upon the second trial beyond peradventure of successful contradiction that the elevated pillars did not extend to the southwesterly corner of Second avenue and Twenty-Third street. The plaintiff and her son freely admitted that her lawyer had told her after the appeal had been taken that she made a mistake as to the side of the street; "that there was no post on the other side; that the post was on the uptown side." It is unnecessary to refer to other contradictions, which, standing alone, might be reconcilable with the truth, but, taken in connection with the radical changes in the testimony on most material points, they lead one to conclude that the testimony of the plaintiff and her son, both interested witnesses, was apparently given with the sole desire to fit the facts to suit the case, regardless of truth or consistency.

The remarkable resurrection of the dual recollections of plaintiff and her son on the second trial as to facts and incidents tending to show that the conductor had full knowledge of plaintiff's intention to alight, coming as it does after the comment of the Appellate Court that failure to show such knowledge on the part of the conductor was fatal to a recovery, makes it necessary to scan this testimony with close scrutiny. No satisfactory explanation of the omission to bring out the important proof necessary for the maintenance of plaintiff's case on the first trial and of her reawakened recollection and of that of her son after the appeal was made, nor were any reasons, consistent with an honest desire to fairly state the facts with reference to the other changes in testimony, given. On the other hand, the motive for adapting the proofs on the second trial to a successful issue of the case is all-pervading. Bearing false witness is unfortunately too common in courts of justice. It is to be deplored that the criminal law is so rarely successfully invoked in the punishment of this most serious of crimes. When, therefore, it is made apparent that the sacred oaths of witnesses are recklessly regarded or deliberately ignored, it behooves the court to be vigilant in its efforts to detect the crime which pollutes the administration of justice, and to thwart the unholy scheme which seeks to reap a benefit for one to the hurt of another. One cannot fail to be impressed with the conviction that the vital changes in the testimony were suggested by the opinion of the Appellate Court on the former appeal, and the interests of justice will, I think, best be subserved by reversing this judgment and ordering a new trial.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.